UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80587-ROSENBERG/REINHART

WILMINGTON SAVINGS FUND SOCIETY,
as trustee of IMPERIAL FUND MORTGAGE
TRUST 2021 NQM1,

    Plaintiff,

v.

DAGMARA PATRYCJA RAGONE, et al.,

    Defendants.
_____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court on Plaintiff Wilmington Savings Fund Society FSB's ("WSFS") Motion to Remand. DE 14.  The Court has reviewed the Motion, Defendant Dagmara Ragone's Response [DE 15], and the record and is otherwise fully advised in the premises.  For the reasons set forth below, this case is **REMANDED** to state court.

If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 779 (11th Cir. 2008) ("Federal courts are courts of limited jurisdiction and have the duty to inquire into whether they have subject-matter jurisdiction.").  When a motion to remand is filed, "the removing party bears the burden of demonstrating that removal was proper." *Engle v. R.J. Reynolds Tobacco Co.*, 122 F. Supp. 2d 1355, 1359 (S.D. Fla. 2000).  Sections 1441 and 1446 of Chapter 28 of the U.S. Code set forth procedures for the removal of civil actions. *See* 28 U.S.C. § 1441, 1446.  One requirement under the statute is that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).  Another requires that "[w]hen a civil action is

removed . . . all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2).

Here, the case must be remanded. The instant federal action was initiated by Defendant Ragone pursuant to a notice of removal. DE 1. In her Notice of Removal, Defendant Ragone argues that this Court has diversity jurisdiction. *Id.* at 3. Soon thereafter, Plaintiff WSFS filed a Motion to Remand arguing that (1) the Notice of Removal was not timely filed; (2) not all Defendants joined in the removal of the action; (3) diversity does not support removal where, as here, any defendants are citizens of the state in which the suit was originally filed; and (4) the Complaint does not allege claims which create federal question jurisdiction. *See* DE 14. In her Response, Defendant Ragone maintains her original argument that the parties are diverse. DE 15 at 7-8. However, Defendant Ragone admits that she is a citizen of Florida. DE 15 at 7-8. Therefore, under Section 1441(b)(2), she may not remove an action in the State of Florida based on diversity jurisdiction. Furthermore, Defendant Ragone admits that "[o]nly Defendant Dagmara Patrycja Ragone joined in removing the case," and that all other Defendants did not join. DE 15 at 9. Without unanimity of consent, removal is similarly defective. *See Russell Corp. v. Am. Home Assurance Co.*, 264 F. 3d 1040, 1044 (11th Cir. 2001).

Therefore, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [DE 14] is **GRANTED**. This case shall be **REMANDED** to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. Accordingly, The Clerk of the Court shall **CLOSE THIS CASE**, and all pending motions are **DENIED AS MOOT**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 6th day of June, 2024.

Copies furnished to Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE